UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CHELA ALMA f/k/a CHELA LOUIS,
individually,

     Plaintiff,

v.

TAKHAR COLLECTION SERVICES, LTD d/b/a
TAKHAR GROUP, a foreign corporation,

     Defendant.

_____/

## COMPLAINT FOR VIOLATIONS OF THE FDCPA AND TCPA
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3.    Plaintiff, CHELA ALMA f/k/a CHELA LOUIS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, TAKHAR COLLECTION SERVICES LTD. d/b/a TAKHAR GROUP, is a corporation with its principal address at 202 Beverly Street, Cambridge, Ontario N1, ZZ, 33543 and its principal mailing address at 537-1623 Military Road, Niagara Falls, New York 14304.  Defendant is a foreign (Canadian) corporation, registered in the State of Illinois, and licensed as a Collection Agency in the State of Florida.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA, and licensed as a debt collector in Florida under license number CCA0900405.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.     Based upon information and belief, the alleged debt at issue was for a charged off merchant account (i.e. a subscription publication) which Plaintiff used for non-commercial purposes.

2

11.     Defendant left the following messages which were recorded on Plaintiff's cellular telephone voice mail system during the past year:

*Message #1*
*...p.m. Eastern Standard Time Monday Through Friday or respond to our website at www.takhargroup.com spelled t-a-k-h-a-r-g-r-o-u-p. Again, this is the Takhar Group calling from 1-800-625-4906 and we require a return call from you immediately. Thank you.*

*Message #2*
*...Our office hours are 8:00 a.m. to 5:00 p.m. Eastern Standard Time Monday Through Friday or respond to our website at www.takhargroup.com spelled t-a-k-h-a-r-g-r-o-u-p. Again, this is the Takhar Group calling from 1-800-625-4906 and we require a return call from you immediately. Thank you.*

*Message #3*
*...Eastern Standard Time Monday Through Friday or respond to our website at www.takhargroup.com spelled t-a-k-h-a-r-g-r-o-u-p. Again, this is the Takhar Group calling from 1-800-625-4906 and we require a return call from you immediately. Thank you.*

12.     Based upon information and belief, Defendant left similar or identical messages on other occasions within one year of the filing of this complaint. (Collectively, "the telephone messages").

13.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14.     Defendant failed to inform Plaintiff that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

15.     Based upon information and belief, Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

16.     Based upon information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of this complaint.

17.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

18.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

19.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

20.     Plaintiff incorporates Paragraphs 1 through 19.

21.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S.

Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs.,
2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of
Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

22.    Plaintiff incorporates Paragraphs 1 through 19.

23.    Defendant placed telephone calls to Plaintiff without making
meaningful disclosure of its identity when it failed to disclose that it is a debt
collector and the purpose of Defendant's communication in the telephone
messages in violation of 15 U.S.C §1692d(6). See Valencia v The Affiliated Group,
Inc., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008,
(S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F.
Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp.
2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of
Plaintiff and against Defendant for:

      a.    Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

24.     Plaintiff incorporates Paragraphs 1 through 19.

25.     Defendants made unsolicited commercial telephone calls to cellular telephones (i.e. members of the class) using either an automatic telephone dialing system or which contained a prerecorded message.

26.      The calls were made without the prior express consent of the parties.

27.      The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, and against Defendants TAKHAR COLLECTION SERVICES, d/b/a TAKHAR GROUP for:

(a)      An order certifying this case to proceed as a class action;

(b)      Statutory damages at $500 dollars per call;

(c)      Willful damages at $1500 dollars per call;

(d)      An injunction requiring Defendant to cease all communications in violation of the TCPA;

(e)      Reasonable attorney's fees and costs; and

6

(f)     Such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 15th day of October, 2011.

> SCOTT D. OWENS, ESQ.
> Attorney for Plaintiff
> 2000 E. Oakland Park Boulevard, Suite 106
> Ft. Lauderdale, Florida 33306
> Telephone: 877.332.8352
> Facsimile: 954.337.0666
> scott@scottdowens.com
>
> By: /s/Scott D. Owens
> Scott D. Owens, Esq.
> Florida Bar No. 0597651